

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 4, 1971

Hon. Wilson E. Speir
Director, Texas Department
    of Public Safety
5805 North Lamar Blvd.
Austin, Texas 78751

OPINION NO. M-769

Re: Whether State officers
may execute federal search
warrants issued under the
provisions of the federal
"Comprehensive Drug Abuse
and Control Act"?

Dear Col. Speir:

    Your recent letter to this office requests our opinion
as to whether state officers are included as "officers" who are
empowered to execute search warrants under the provisions of the
federal "Comprehensive Drug Abuse Prevention and Control Act of
1970", Public Law 91 ___, 91st Congress, H.R. 18583, October ___,
1970. You cite Section 509(a) of the above law, dealing with
search warrants, said section providing as follows:

> "Sec. 509(a) A search warrant relating to
> offenses involving controlled substances
> may be served at any time of the day or
> night if the judge or United States magis-
> trate issuing the warrant is satisfied that
> there is probable cause to believe that
> grounds exist for the warrant and for its
> service at such time.
>
> "(b) Any officer authorized to execute a
> search warrant relating to offenses in-
> volving controlled substances the penalty
> for which is imprisonment for more than
> one year may, without notice of his au-
> thority and purpose, break open an outer
> or inner door or window of a building, or
> any part of the building. or anything
> therein, if the judge or United States
> magistrate issuing the warrant (1) is sat-
> isfied that there is probable cause to be-
> lieve that (A) the property sought may and,
> if such notice is given, will be easily and
> quickly destroyed or disposed of, or (B)
> the giving of such notice will immediately
> endanger the life or safety of the execu-
> ting officer or another person, and (2)
> has included in the warrant a direction
> that the officer executing it shall not
> be required to give such notice. Any offi-
> cer acting under such warrant, shall, as

-3751-

soon as practicable after entering the premises, identify himself and give the reasons and authority for his entrance upon the premises." (Emphasis supplied.)

You then ask:

"Because of this legislation we request your opinion as to whether or not State officers are included within the purview of this Section, and particularly whether or not they may, assuming a proper warrant, be authorized to gain admittance into the premises covered by the warrant under these so-called "no-knock" provisions."

Your attention is directed to Section 508 of the subject law which provides in pertinent part:

"Sec. 508 Any officer or employee of the Bureau of Narcotics and Dangerous Drug designated by the Attorney General may--

"(1) . . . . .

"(2) execute and serve search warrants, arrest warrants, administrative inspection warrants, subpenas, and summonses issued under the authority of the United States;

"(3) . . ." (Emphasis added.)

It is clear that state officers are not "officer(s) and employee(s) of the Bureau of Narcotics and Dangerous Drug (sic) designated by the Attorney General". It follows that Sec. 508 grants no authority to state officers to execute search warrants under the provisions and terms of Sec. 509.

The federal law dealing with searches and seizures and search warrants generally is expressed in Rule 41, Federal Rules of Criminal Procedure. Section (C) of Rule 41 provides that a search warrant:

". . .shall be directed to a civil officer of the United States authorized to enforce or assist in enforcing any law thereof or to a person so authorized by the President of the United States." (Emphasis added.)

It is likewise clear that state officers are not "civil officer(s) of the United States" and so would not be authorized under this grant of authority to execute a federal search warrant.

Moreover, your Department informs us that no officers of your department have been authorized by the President to enforce laws of the United States nor, to its knowledge, has any other state officer been so authorized.

Accordingly, it is our opinion that state officers do not come within the purview of Sec. 508 of the Comprehensive Drug Abuse Prevention and Control Act and so would not be authorized -- by the Act -- to gain admittance under a federal search warrant without "notice of authority and purpose."

We do not express any opinion herein as to whether state officers may gain admittance to premises under a valid state search warrant without giving notice of authority and purpose where the circumstances may indicate that the giving of notice may endanger the lives of the executing officers or of some person within the premises or where the circumstances reveal that evidence may be destroyed if notice is given.

### S U M M A R Y

In the absence of conferred authority from the President, state officers may not execute a federal search warrant issued under the Comprehensive Drug Abuse and Control Act and accordingly may not gain admission to premises under a federal search warrant without giving notice of authority and purpose.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

Hon. Wilson E. Speir, page 4 ( M-769)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E.  Allen, Co-Chairman

Max Hamilton
S. J. Aronson
Melvin Corley
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant